STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. RE-13-03

STATE OF MAINE
Cumberland, ss. Clerk's Office

FEB 22 2016

RECEIVED

BANK OF NEW YORK MELLON,
as Trustee

                    Plaintiff

v.                                                  ORDER


KAREN CHASE, et al.

                    Defendants


Before the court is a request for sanctions by defendants. A hearing on that issue was held on December 4, 2015, at which plaintiff was represented by counsel[1] and at which for the first time counsel appeared for defendants Karen and Colin Chase. The Chases had previously been unrepresented. Further argument on the issue of sanctions was offered at a hearing on February 17, 2016.

At that hearing the court ordered that Nationstar Mortgage LLC be substituted as the plaintiff and determined that if any sanctions were imposed, they would be imposed on Nationstar without prejudice to Nationstar's right to seek contribution or indemnity from BNY Mellon or its servicer, Bank of America. See order dated February 17, 2016.

---

[1] As discussed below, the ownership of the loan was transferred from BNY Mellon to Nationstar during the course of these proceedings. However, no formal motion to substitute Nationstar as the plaintiff had been filed as of December 4. On that date, Christine Johnson from the Schechtman Halperin firm, which had previously represented BNY Mellon, appeared to discuss the pending loan modification and to oppose sanctions. The court understood that Ms. Johnson at that time was representing both Nationstar and BNY Mellon. On the issue of sanctions Ms. Johnson did not draw any distinction between Nationstar and BNY Mellon but opposed sanctions both for the time period before Nationstar entered the picture and afterward. Ultimately the court raised the issue of whether Nationstar should be formally substituted as plaintiff and whether any sanctions should somehow be apportioned between BNY Mellon (and/or its servicer Bank of America) on the one hand and Nationstar on the other. That led to the court's order of December 8, 2015 giving counsel time to consider the issue. The Schechtman Halperin firm then moved to withdraw. See order of December 17, 2016.

There have been eight mediations in this case and two notices of noncompliance. After the third mediation the mediator issued a report of non-compliance based on a failure by the servicer (Bank of America) to meet an agreed timeline for responding to a loan modification request submitted by the Chases. The court did not take action at that time because it appeared that the issue had been resolved based on a February 19, 2014 letter from plaintiff's counsel. See March 3, 2014 order. The notice of noncompliance, however, remained open.

What the court did not know when it issued its March 3 order was that the Bank of America had sent a February 27, 2014 letter to the Chases stating that their application for a modification was no longer being considered because Bank of America had not received documents it had requested – even though it had been agreed at a prior mediation that everything necessary had been submitted. Within a short time counsel for plaintiff stated that Bank of America's February 27 letter had been sent "in error." The Chases, however, were fully entitled to feel whipsawed.

By the time of a fourth mediation held in April 2014 Bank of America had issued a denial of the Chase's application for a modification (apparently wrongly, as it turned out), and the Chases were advised of their right to appeal the denial.

At a fifth mediation in June 2014 the Chases were informed that Bank of America was claiming that their appeal had been filed too late. However, the Chases were able to prove that was incorrect. The error was attributed to a breakdown in the Bank's internal processes (see report of fifth mediation), and Bank of America agreed to process the Chase's appeal. This sequence of events, however, was a second instance in which the Chases were whipsawed and likely contributed to any anxiety they faced at the possibility of losing their home.

2

At a sixth mediation in September 2014 the parties reported that after the appeal had been processed, a loan modification had been offered with a three month trial period before the loan modification would become final.

The trial period was successful and the final loan modification was signed by the Chases and forwarded to Bank of America for execution in December 2014. See Report of 7th Mediation on January 9, 2015. However, it was reported at the January 9, 2015 mediation that the servicing of the loan had been transferred to Nationstar earlier and that Nationstar – in apparent ignorance of the loan modification agreement that had been reached with Bank of America – had sent notices to the Chases asserting that they were in default. This was the third instance of the Chases being whipsawed in the course of the mediation process and likely caused the Chases to experience further anxiety and distress – as noted in the report of the January 9, 2015 mediation. By the time of that mediation, however, it appeared that the appropriate documentation was in the process of being provided to Nationstar, and it was understood that the permanent loan modification would be placed into effect.

On February 25, 2015 counsel for plaintiff filed a motion to dismiss this action without prejudice stating that their client had informed them that the loan had been modified and the default had been cured.[2] Given the status of the case the court did not act on that motion – which has been adopted by Nationstar and is still pending – and awaited developments.

By the time of an eighth mediation on March 27, 2015, the Chases had not received an executed modification back from Nationstar or from anyone else. Given the delay attributable to the Bank of America and to Nationstar in consummating the permanent modification, the mediator issued a second notice of noncompliance.

---

[2] Notably, counsel also simultaneously submitted a proposed order declaring that the previous order of noncompliance was now moot – demonstrating awareness that the court's March 3, 2014 order had not resolved that issue.

3

On or about March 25, 2015, apparently unbeknownst to counsel for plaintiff and the Chase at the time, the loan itself – not just the servicing – was transferred to Nationstar. The Chases later received a notice to that effect dated May 19, 2015.

Around that same time the Chases advised the court that they had received loan modification documents from Nationstar but that it appeared to them that those documents made changes from the prior loan modification agreement.[3] The Chases asked for sanctions up to and including dismissal with prejudice.

In opposition to the Chase's motion for sanctions, counsel for plaintiff submitted emails that had been sent to the Chases assuring them that the agreement was not being unilaterally modified and suggesting a meeting or discussion to resolve any issues. The court understands that the Chases, perhaps understandably in light of the history of this case, had declined to respond to those emails.

Because it appeared that an agreement had in fact been reached, because the court was prepared to enforce that agreement on behalf of the Chases, because of the efforts made by counsel for plaintiff to resolve the situation, and because the most recent delay appeared to result at least in part from the Chases' cutoff of communications, the court issued an August 5, 2015 order declining to dismiss with prejudice but leaving open all other sanctions.

Once counsel appeared for the Chases and reopened the lines of communication with counsel for plaintiff, the latter essentially agreed to all of the changes and clarifications requested by the Chases. However, as of the December 4, 2015 hearing, there were still several points that needed to be nailed down. The court left those details to the parties but emphasized that

---

[3] Without suggesting that the Chases were not entitled to be upset by the possibility that Nationstar was attempting to modify the agreement previously reached, it does not appear to the court that any material substantive changes were being suggested. However, at least one of the changes, the insertion of references to Mortgage Electronic Registration Services (MERS), was entirely inappropriate.

4

Nationstar would be held to the material terms of the loan modification that had been previously approved.

On February 17, 2016 new counsel for Nationstar appeared and was able to report that a loan modification acceptable to all parties had been signed. Ironically, this was because Nationstar had determined that it could simply execute the existing loan modification agreement that the Chases had signed and submitted to Bank of America in December 2014, more than a year earlier. When the February 17, 2016 hearing turned to the issue of sanctions, counsel for Nationstar unexpectedly questioned whether, notwithstanding the documentation in the record, Nationstar was in fact the owner of the mortgage loan in question. After some further checking Nationstar ultimately confirmed that it had been the owner of the mortgage loan at least since March 25, 2015. However, this is representative of the difficulties that are sometimes experienced in getting answers from certain of the national financial institutions involved in foreclosure proceedings and certain of the attorneys who represent them.

Having now reviewed the record and considered the arguments of the parties at the hearing on December 4 and February 17, the court concludes that sanctions shall be imposed. In reaching this result, the court understands that it is not required to find bad faith on the part of mortgage lenders and their servicer-agents in order to impose sanctions, but it is required to find a lack of good faith. *See United States Bank v. Sawyer,* 2014 ME 81 ¶ 15, 95 A.3d 608. Throughout this case, it appears to the court that prior counsel for plaintiff made efforts to resolve the situation,[4] but those efforts were frustrated by an almost unending series of missteps by the Bank of America and by Nationstar.

---

[4] At the December 4 hearing counsel for the Chases praised the efforts made by Attorney Christine Johnson, who appeared at two of the mediations and who represented plaintiff during the period from March 2015 through December 11, 2015.

5

The facts set forth in the various mediation reports have not been disputed, but counsel for plaintiff has explained the various missteps as resulting from a lack of coordination within various branches of the servicers. The court also understands that some of the problems may be created by the need to comply with FHA regulations.[5] However, the repeated and completely unjustified roadblocks that the Bank of America raised to the Chases' loan modification application and then Nationstar's initial position that the Chases were in default – even though they had been making timely loan modification payments since September 2014 – followed by Nationstar's delay in consummating the loan modification justify finding a lack of good faith. *See United States Bank v. Sawyer*, 2014 ME 81 ¶¶ 15-16. Indeed, when there are repeated bureaucratic failures such as those recounted above, failures that whipsawed the borrowers and likely resulted in considerable anxiety and distress, the court concludes that the maintenance of a system that allowed those failures to occur constituted a lack of institutional good faith on the part of the Bank of America, as servicing agent for Bank of New York Mellon, and on the part of Nationstar.

The court notes that the prior servicer in this case, Bank of America, appears to bear a greater share of the responsibility for the conduct that justifies the imposition of sanctions in this case. Although the sanctions are being imposed on Nationstar, this order is without prejudice, as noted above, to any right Nationstar may have to seek contribution or indemnity from any other party, either contractually or otherwise.

The court finds that the following sanctions are appropriate and shall be imposed:

1. The first is to bar the collection from the Chases of any fees and any interest relating to the period from November 21, 2013 – the date that the Chases submitted their application for a

---

[5] For instance, the court understands that the need to resubmit financial documents once a certain amount of time has passed – a source of frustration in many cases – can result from FHA requirements.

6

loan modification as found in the first notice of noncompliance – until February 17, 2016. The amounts due under the loan as modified shall be amended to reflect this order. Within 30 days plaintiff shall provide an accounting to the Chases reflecting the disallowance and tolling of interest from November 13, 2013 to February 17, 2016 and the deletion of any fees attributable to that time period. Any disputes shall be resolved by the court.

2. Second, plaintiff shall also be required to reimburse the appropriate entity for the inordinate amount of time that the Chases' housing counselor, Kim McLaughlin, had to spend to help the Chases through the ordeal described above. At the December 4 hearing both counsel for plaintiff and counsel for the Chases were effusive in their praise for Ms. McLaughlin.

The court understands that Ms. McLaughlin is an independent contractor, and counsel for the Chases contends that she spent approximately ten times the usual number of hours on this case. Without her assistance it is doubtful that the Chases could have navigated through the bureaucratic obstacles described above. The court will therefore request that Ms. McLaughlin file a sworn estimate of the hours she spent on this case, the number of hours she ordinarily spends per case, and the amount and source of the compensation she received for the hours spent on this case so that appropriate reimbursement may be ordered. That affidavit shall be submitted within 60 days, and counsel for Nationstar shall then have 14 days to file any objections to the amount of hours listed and the amount of reimbursement sought.

3. Although counsel for the Chases argued that the court could and should impose a monetary award against plaintiff to compensate the Chases for emotional distress, the court has serious doubts that M.R.Civ.P. 93(j) authorizes the equivalent of tort damages.[6]  Moreover,

---

[6] Indeed, if emotional distress damages were to be awarded, testimony from the Chases (subject to cross examination by the mortgage lender) would be required. If the amounts sought were significant, the lender might also be able to seek discovery from the Chases with respect to their psychological and medical history and the other stressors in their lives. Although the court can conclude that the plaintiff's

7

counsel for the Chases is appearing pro bono and is not seeking an award of attorneys fees. However, if the Chases incurred any fees or costs because of the difficulties they encountered during the loan modification process (including any loss of income from employment they may have incurred in order to attend the various mediations or consult with their housing counselor), they may file an affidavit documenting those fees and costs within 60 days. Counsel for Nationstar shall then have 14 days to file any objections to the amount of costs listed and the amount of reimbursement sought.

4. A fine of $4000 is also imposed on plaintiff and is to be paid to the court for the benefit of the Foreclosure Diversion Program within 30 days.

Finally, because there is now in place an acceptable loan modification agreement and subject to the determination of the monetary amount of sanctions imposed, this action is dismissed without prejudice.

The entry shall be:

Sanctions imposed upon plaintiff. Subject to determination of the amount of monetary sanctions as set forth above, this action is dismissed without prejudice. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 19, 2016

Thomas D. Warren
Justice, Superior Court

---

actions would likely have caused the Chases anxiety and distress, it cannot determine how much anxiety and distress was caused or the monetary value of that distress without further proceedings. If awards for emotional distress were authorized, this might be an appropriate case, but the court is highly reluctant to go down that road without express authorization.

8

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-03

BANK OF NEW YORK MELLON,
as Trustee

Plaintiff

v.

ORDER



KAREN CHASE, et al.

Defendants

As set forth at the hearing on the record today, attended by counsel for Nationstar Mortgage LLC and counsel for defendants, the court orders as follows:

1. Without objection Nationstar Mortgage LLC shall be substituted as the plaintiff in this action, as it has now been confirmed that Nationstar became both the servicer and the owner of the mortgage loan in question at least as of March 25, 2015.

2. Nationstar has adopted the previous motion filed on February 25, 2015 on behalf of the prior owner of the loan, Bank of New York Mellon, to dismiss this action without prejudice. Because a loan modification that has been pending in one form or another since at least December 2014 has now finally been signed and is acceptable to all parties, the court intends to grant that motion once it has ruled on the pending motion for sanctions.

3. Two other motions are pending. The first is a motion by counsel for Nationstar for an extension to respond to the issue of whether Nationstar should be substituted as plaintiff. That motion is now moot.

4. The other motion is a motion by the Schechtman Halperin firm to withdraw on the basis that a conflict might exist. The motion states that the Schechtman Halperin firm was seeking to withdraw from representing "plaintiff," without specifying whether it was seeking to withdraw from representing BNY Mellon or Nationstar or both. Since the firm had been representing both at the December 4 hearing, the court interprets the motion as a request to withdraw from representing both, apparently because of a perceived possibility of conflict raised by the court's question as to whether any sanctions should be apportioned sanctions between BNY Mellon and Nationstar.

5. The court believes no conflict would exist unless Nationstar wishes to argue that any sanctions should be imposed on BNY Mellon and/or BNY Mellon wishes to argue the contrary. No such argument was made on December 4 – Ms. Johnson opposed sanctions generally without drawing any distinctions between BNY Mellon (and/or its servicer Bank of America) and Nationstar. Based on the discussion at today's hearing, moreover, the court is persuaded that it should not formally apportion any sanctions between BNY Mellon and Nationstar.[1] Any sanctions should be imposed upon plaintiff (now Nationstar) without prejudice to Nationstar's ability to seek contribution or indemnity from any other party, either contractually or otherwise.

6. The Schechtman Halperin firm's motion to withdraw is granted.

---

[1] Nationstar purchased or otherwise obtained the loan in question at a time when at least one notice of noncompliance had been filed and at a time when it could have ascertained the status of the foreclosure action and the various missteps by the prior servicer. It therefore took the loan subject to any potential sanctions that might be imposed. It bears emphasis that a significant percentage of the problems experienced with foreclosures results from what the Law Court has described "a byzantine mass of assignments and transfers" spawned by the financial services industry and the practice of securitizing mortgage loans. *Homeward Residential v. Gregor,* 2015 ME 108 ¶ 13, 122 A.3d 947. The transfer of the loan in this case at a very inopportune time – while a foreclosure action was pending, while there has been a series of missteps in the loan modification process, and while at least one notice of noncompliance had already been issued – is only one example.

2

The entry shall be:

Nationstar Mortgage LLC shall be substituted as the plaintiff in this case. The motion by the Schechtman Halperin firm to withdraw is granted effective today. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 17, 2015

_____

Thomas D. Warren
Justice, Superior Court

3